[No. 5270.]
[No. 2901 C. A.]

The Lockhaven Trust and Safe Deposit Company v. The United States Mortgage and Trust Company.

1. Judgments—Liens—Findings.

The finding of the trial court as to what interest in certain land a judgment debtor acquired under a will is immaterial to a judgment creditor whose judgment lien did not attach until after whatever interest said debtor acquired had passed to another under a prior judgment lien.

2. Appellate Practice—Findings—Decree—Exceptions.

In a proceeding to foreclose a mortgage if a party is dissatisfied with the finding of the referee or decree, objection should be made to such finding or decree in the lower court, and in the absence of an exception to such finding or decree they will not be reviewed by the appellate court.

3. Mortgages—Foreclosure—Decree—Subsequent Lienholder.

A subsequent lienholder is not prejudiced by a decree foreclosing a mortgage which provides that if any surplus remains from the proceeds of sale after satisfying the decree it shall be paid into court and that such subsequent lienholder shall have an opportunity to assert its claim thereto.

4. Same—Marshaling Assets—Appellate Practice.

In a review of a decree foreclosing a mortgage the appellate court will not go into the question of marshaling assets where no exceptions were taken either to the findings or decree of the lower court upon that matter.

*Error to the District Court of the City and County of Denver:*

*Hon. F. T. Johnson, Judge.*

Messrs. O'Donnell, Toney & Graham, for plaintiff in error.

Messrs. Dines, Whitted & Dines, and Mr. J. G. McMurry, for The United States Mortgage and Trust Company.

Messrs. Bartels & Blood, for estate creditors.

Mr. James H. Brown, for executor, devisees, heirs, etc.

Mr. Andrew W. Gillette, for guardian *ad litem* for minor defendants.

Mr. Justice Gunter delivered the opinion of the court.

Defendant in error, The United States Mortgage and Trust Company, held the notes of Henry C. Brown, and a trust deed to secure the same on certain real estate, parcels 1, 2, 3, 4 and 5, parcel 1 being the Brown Hotel property, and the notes being past due, brought this action to foreclose the trust deed to obtain a judgment for the amount of the notes against Henry C. Brown personally and as executor of the estate of Jane C. Brown. Plaintiff in error, The Lockhaven Trust and Safe Deposit Company, was made a defendant under the allegation that it claimed some interest in, or lien upon, the realty involved, but that such interest or lien, if any, was subject to that of the trust deed sought to be foreclosed.

Plaintiff in error answered admitting the lien of the trust deed upon the fee of the property covered thereby, but denying that the notes secured were the obligations of Henry C. Brown as executor of Jane C. Brown, deceased. Its answer further al-

leged that plaintiff in error had acquired from Henry C. Brown, through a mortgage foreclosure, certain lots other than those embraced in the trust deed, which lots Henry C. Brown had taken as the devisee of Jane C. Brown, and averred that these lots were not liable for the debts secured by the trust deed, because such debts were obligations of Henry C. Brown and not of the estate of Jane C. Brown, deceased, and asked to have its title to the lots quieted as against the notes and trust deed of defendant in error. The answer further set up the recovery by plaintiff in error of a money judgment against Henry C. Brown and James H. Brown, a recording of a transcript thereof in the proper office subsequent to the recording of the trust deed of defendant in error, and that such judgment was a lien upon the interest of Henry C. Brown in the five parcels mentioned, and on the interest of James H. Brown in said parcel 1.

A replication put in issue new matter alleged in the answer. The case was referred and findings and a decree were reported. Such findings and decree became those of the court. No exceptions were taken to the findings of the decree. The referee found *inter alia* that the indebtedness covered by the trust deed was as contended by plaintiff in error, the indebtedness of Henry C. Brown; also that Henry C. Brown and James H. Brown were indebted to plaintiff in error upon a judgment as alleged in the answer, and that such judgment constituted a lien as therein alleged. Plaintiff in error seems to have been awarded in the findings and decree substantially what it asked by its answer. The decree provided for the sale of the five parcels of real estate covered by the trust deed, and for the ratable application of the proceeds thereof thereon so far as might be necessary to its satisfaction, and for payment into court of any surplus thereafter remaining for distribution

according to the future order of the court among the various claimants thereto, including plaintiff in error.

1. The trial court in the course of the foreclosure proceeding construed the will of Jane C. Brown, such will being the source of the interest of Henry C. Brown in the five encumbered parcels, and the source of his power to encumber them. It found that Henry C. Brown took under the will only a life estate in parcel 1, with power to encumber it in fee, and that he did encumber the fee thereof by giving the trust deed involved. Plaintiff in error contends that Henry C. Brown was under the will the owner in fee of said parcel 1, and that the court erred in not so finding and that it sustained prejudice thereby in the lien of its judgment being reduced from a lien upon an estate in fee to a lien upon one for the life of Henry C. Brown.

Assuming for the purposes of this ruling that it was proper for the court in this proceeding, which was simply an action to foreclose a trust deed, to construe the will of Mrs. Jane C. Brown, its finding as to the interest in parcel 1, taken by Henry C. Brown under the will of Jane C. Brown, is immaterial to plaintiff in error, because whatever interest Henry C. Brown so acquired in parcel 1 was not reached by the lien of the judgment of plaintiff in error, as it had passed, according to the unquestioned finding of the referee, to one Bancroft under a judgment lien before the lien of the judgment of plaintiff in error had attached.

2. The finding of the referee was, in effect, that Henry C. Brown had a life estate in parcel 1, and the power to encumber the same in fee; that he had so encumbered it by the giving of the trust deed of defendant in error, and the further finding in effect was, that James H. Brown took under the will

of Jane C. Brown an estate for life in remainder for an undivided one-third after the death of Henry C. Brown. Further, the finding was in effect, that upon the life estate in remainder the plaintiff in error had a lien by the filing of a transcript of its said judgment against .Henry C. Brown and James H. Brown.

The court by its decree provided that parcels 1, 2, 3, 4 and 5 should be sold and the proceeds thereof be applied ratably to the discharge of the costs and expenses of this proceeding and the amount found due upon the trust deed of plaintiff in error, and that any surplus remaining thereafter should be paid into court to be distributed according to its future order to those interested in such surplus.

No objection in any form was made to the finding of the referee or to the decree.

Plaintiff in error now contends that its lien upon such interest of James H. Brown was not sufficiently protected by the decree.

If plaintiff in error was dissatisfied with the finding or decree, some objection should have been made below. Further, we are unable to see wherein it has any reason to complain of the decree. It is therein provided that should any surplus remain from the proceeds of sale after the satisfaction of the decree of defendant in error the same shall be paid into court and that plaintiff in error shall have the opportunity to assert its claims against such surplus. No right of plaintiff in error as a subsequent lienholder is in this particular injured by the decree. Plaintiff in error did not request any particular provision in the decree as to a redemption by it of the interest of James H. Brown in parcel 1 that might be sold. No right of redemption which it had before the decree has been taken away from it.

3.   It is contended that error was committed in

the amount found to be due upon the claim secured by the Bartels trust deed. This instrument was, according to the finding, a prior lien to that of plaintiff in error.

A sufficient reason for our declining to go into this question is the absence of an exception to either the finding of the referee or the decree of the court. Further, there seems to have been no real controversy on this point in the court below.

4. It is said that the court should have required parcel 1 to have been sold first, and should not have permitted a sale of parcels 2, 3, 4 and 5, unless the proceeds of parcel 1 proved insufficient to satisfy the amount due upon the decree of plaintiff in error. The reason urged for this contention is that defendant in error had a lien on the fee of the five parcels, while plaintiff in error had, according to the finding of the court, a lien on only parcels 2, 3, 4 and 5.

A sufficient reason for our declining to go into this question of marshaling assets is this: A number of other defendants having liens upon and interests in the real estate covered by the trust deed were before the court and interested in this question of marshaling. Evidence was introduced going to the question, findings were made thereon, and a decree entered, but no exception was taken by plaintiff in error to either. We think that the absence of objection below is a sufficient reason for our refusing to go further into the merits of this contention.

The court committed no error prejudicial to plaintiff in error in its rulings upon the admission of evidence.

No sufficient reason has been shown for our disturbing the decree of the lower court.

*Judgment affirmed.*

Chief Justice Gabbert and Mr. Justice Maxwell concur.